**JS 44**
(Rev. 07/89)

#114171

# CIVIL COVER SHEET

B-00-137

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Cecil P. SAPP
Denise Stockton

## DEFENDANTS
① ADELAIDO Flores, JR., C.S.R.
② Cameron County Commissioners Court, Cameron County, Texas
③ Cameron County, Texas

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Cameron County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Cameron Co, Tex.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
pro se
Box 3208 La Feria, TX 78559
956-797-2337

**ATTORNEYS (IF KNOWN)**
Cameron County Commissioner's Court Civil Legal Division
964 E. Harrison
Brownsville, Texas

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. Section 1983 + 42 U.S.C. Section 1985 Violation of Civil Rights for Mr. Flores fabricating an official court document; Commissioners Court for conspiring to cover up Mr. Flores' actions

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt Relations | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** $7,250,000.00

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE September 5, 2000
SIGNATURE OF ATTORNEY OF RECORD [signature]

**UNITED STATES DISTRICT COURT**



United States District Court
Southern District of Texas
FILED

SEP - 5 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CECIL P. SAPP, and
DENISE STOCKTON
    Plaintiffs

CIVIL ACTION NO. B-00-137

v.

ADELAIDO FLORES, JR., CSR, and
CAMERON COUNTY COMMISSIONER'S
COURT, CAMERON COUNTY, TEXAS, and
CAMERON COUNTY, TEXAS

## COMPLAINT

Plaintiffs allege:

### I.

1. Plaintiffs, Cecil P. Sapp and Denise Stockton, are citizens of the United States of America and are residents of the City of La Feria, County of Cameron, State of Texas.

### II.

2. Defendant, Adelaido Flores, Jr., is now and at all times material hereto was, duly appointed, employed and acting Official Court Reporter in and for the District Courts of Cameron County, State of Texas. Defendant Flores is a resident of Cameron County, Texas. The Cameron County Commissioner's Court convenes in the Cameron County Courthouse, Brownsville, Texas.

### III.

3. This action arises under the United States Constitution, particularly under the provisions of the Fourteenth Amendment to the Constitution of The

United States, and under federal law, particularly Title 42 of the United States Code, Section 1983 and 1985.

## IV.

4. This Court has jurisdiction of this cause, under and by virtue of Title 28 of the United States Code, Section 1343.

## V.

5. At all times pertinent to this complaint, Defendant Flores was the Official Court Reporter for the 138th Judicial District Court, Cameron County, Texas. In doing the acts and things hereinafter set forth, Defendant Flores was acting, in his respective capacity as stated, under color of law of the State of Texas.

6. Defendants are members of an illegal conspiracy. Each and all of the acts of Defendants alleged herein were done by the Defendants, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Texas and the County of Cameron. Defendant Flores acted under the authority of his office as Official Court Reporter for 138th Judicial District Court, Cameron County, Texas. The Cameron County Commissioner's Court is a body of elected officials in and for the County of Cameron, Texas.

## VI.

7. Defendant Flores, did intentionally, and with malice, fabricate the official transcript, of a hearing held in the 138th Judicial District Court, Cameron County, Texas, on May 26th 1998, wherein Plaintiffs were Defendants in the cause of action.

8. On September 30th 1997, a civil action was brought against Plaintiffs by Plaintiff Stockton's ex-husband, William Bell. The case was filed in the 138th Judicial District Court, Cameron County, Texas, styled; William Bell

2

v. Denise Stockton and Cecil P. Sapp; Cause No. 97-09-6061-B., Judge Robert Garza presiding.

9. On May 4th 1998, Plaintiffs filed with the 138th District Court, their Joint Motion Requesting Special Appearance and Motion To Dismiss For Lack Of Jurisdiction.

10. On May 11th 1998, Plaintiff Sapp phoned the 138th District Court to set a hearing on Plaintiff's motion. No order had been received by Plaintiffs, setting a hearing on their motion. The court coordinator stated, the trial, and Plaintiff's motion would be heard at 9:00 A.M., on May 26th 1998.

11. No order setting a hearing on Plaintiff's Special Appearance for May 26th 1998, was signed by the court.

12. On May 26th 1998, to Plaintiff's knowledge, a trial was to commence, and a hearing was to be held before the 138th District Court on Plaintiff's Special Appearance and Motion To Dismiss For Lack Of Jurisdiction.

13. Prior to the hearing, Plaintiffs made notes pertaining to their motion, practiced for hours, and memorized verbatim, what Plaintiff Sapp would argue at the hearing.

14. During the hearing, Defendant Flores acted in his official capacity, as the official court reporter for the 138th District Court.

15. At approximately 9:40 A.M., on May 26th 1998, the court called the case. William Bell addressed the Court and proceeded to speak, without interruption, for approximately 22 (twenty-two) minutes. The fabricated transcript prepared by Defendant Flores depicts Plaintiff Sapp presenting his argument first.

16. The fabricated transcript, on page 2, depicts William Bell stating to the court:

> "Your Honor, there are two motions pending before the Court.

3

The lawsuit itself. I have the frivolous harassment motion pending, and they have a motion to dismiss for want of jurisdiction."

William Bell did not make these statements. William Bell did not have knowledge that Plaintiffs had pending before the court, their Motion To Dismiss For Lack Of Jurisdiction.

17. During this twenty-two minute period, Plaintiff Sapp and Stockton stood in the first row of the spectators section of the court. Sapp, during this period, reviewed notes Plaintiffs had prepared, pertaining to their motion. Plaintiff Stockton, listened to William Bell's twenty-two minute speech to the Court.

18. William Bell spoke at length about a case which was pending in the United States District Court For The Southern District Of Texas, Brownsville Division, styled; Denise Stockton Bell v. Judge Rogelio Valdez and William Bell; Case No. B-96-233.

19. After Bell's twenty-two minute speech, the Court asked if Bell was ready for trial. Bell stated that he was ready. Defendant Flores' fabricated transcript does not depict this exchange.

20. At that time, the Court did not address Plaintiffs. Plaintiff Sapp addressed the Court and introduced himself and Plaintiff Stockton. Sapp stated that Plaintiffs had pending before the court, their Joint Motion To Dismiss For Lack Of Jurisdiction. Defendant Flores' fabricated transcript does not include this exchange between the court and Plaintiff Sapp.

21. Plaintiff Sapp presented, uninterrupted by the court, or William Bell, Plaintiff's argument to the court, which lasted approximately 12 (twelve) minutes. Defendant Flores spliced and rearranged Plaintiff Sapp's argument throughout the fabricated transcript.

4

22. Defendant Flores has deleted in the fabricated transcript, portions of Plaintiff Sapp's argument. Plaintiff Sapp, during his argument stated to the court,

> "Mr. Bell was arrested on July 27th 1994, for stalking and beating Defendant Stockton. Mr. Bell brought suit against Ms. Stockton for him being arrested in Corpus Christi by the Nueces County Sheriff's Department. This is certainly time barred by the statute of limitations."

This argument is not contained in the fabricated transcript, prepared by Defendant Flores.

23. Defendant Flores fabricated transcript depicts on page 7, the court addressing Plaintiff Sapp and stating,

> "And I think your lawsuit is based on that. And your argument, Mr. Sapp, is, the Court does not have any jurisdiction in this case. Is that what your argument is all about?"

This communication between the court and Plaintiff Sapp did not occur. The court did not interrupt Plaintiff Sapp during his argument.

24. At the end of Plaintiff Sapp's argument, Sapp stated to the court, "Your honor, we have received as late as of Friday, an order from the federal court. May I approach?" This statement was deleted by Defendant Flores in the fabricated transcript.

25. The court stated, "Yes you may." Plaintiff Sapp handed the order to the court. The court reviewed the order.

26. Plaintiff Sapp stated to the court,

> "Your honor, essentially what that order means, is, that, Judge Valdez had filed with the federal court, his 12b(6), Motion To Dismiss. The federal court denied his motion. Judge Valdez had also filed seventeen defenses, which have also been

5

denied by the federal court. Judge Valdez does not have immunity, your Honor. It looks as though that case will be going to trial in about a month."

27. At this time, 10:15 A.M., the court recessed to review Plaintiff's Motion To Dismiss For Lack Of Jurisdiction.

28. At 11:20 A.M., the court resumed the proceedings and called the parties to the bench. Plaintiffs and William Bell argued before the court for an additional (12) twelve to (13) thirteen minutes.

29. At the beginning of the twelve to thirteen minute argument, the court stated to Plaintiff Sapp, "I have reviewed your motion sir, and I do not agree with it." Plaintiff Sapp stated, "OK." These statements are not contained in the fabricated transcript.

30. Plaintiff Stockton stated, "Can I ask you a question?" The court stated, "Yes." Plaintiff Stockton stated, "So what you're saying is that you have jurisdiction over the Valdez case." The court stated, "That's not what I'm saying." I am going to set the case for trial for June 19th." Plaintiff Stockton stated, "That doesn't give us time to file our motion for summary judgment." Plaintiff Sapp stated, "or request a trial by jury." The court stated, "I know." These statements of the court and Plaintiffs are not contained in the fabricated transcript, prepared by Defendant Flores.

31. The fabricated transcript depicts William Bell stating that he was not asking for damages for other lawsuits pending against him. The fabricated transcript depicts the court stating several times that he would not consider damages for any other lawsuits pending. Defendant Flores inserted these statements in the fabricated transcript. The trial court's Judge's Entries, dated August 6th 1998, clearly reflect William Bell requested damages and that the court awarded damages for pending lawsuits against Bell.

6

32. Plaintiffs continued to argue for several minutes for a continuance, in order file their motion for summary judgment.

33. The court stated that Plaintiffs could go ahead and file their motion for summary judgment and he would take a look at it, and then determine whether a trial was necessary. Plaintiff Sapp stated, "Your honor I just want you to know that if this case does go to trial, we will be calling Judge Valdez as a witness." The court stated, "I don't care." Defendant Flores deleted these statements by Plaintiff Sapp and the court in the fabricated transcript.

34. On July 7th 1998, Plaintiffs filed with the court, their Joint Motion for Summary Judgment.

35. On or about July 20th 1998, Plaintiffs received from the court, a fiat, signed by the court on the 13th day of July 1998, wherein the court set a hearing on Plaintiff's Motion for Summary Judgment, for August 6th 1998 at 10:00 A.M. The order stated that no appearance by parties or attorneys was necessary.

36. On August 6th 1998, Plaintiffs did not appear and the court awarded a default judgment to William Bell in the amount of $105,446.00 for lawsuits that were pending in other courts.

37. On August 12th 1998, Plaintiff Sapp ordered the official transcript of the May 26th 1998 hearing, from Defendant Flores.

38. Defendant Flores stated to Plaintiff Sapp that the transcript would be completed by August 17th 1998.

39. On August 18th 1998, Plaintiff Stockton contacted Defendant Flores and he stated that the transcript would be completed on August 26th 1998.

40. On August 25th 1998, Plaintiff Stockton left two messages with the 138th court coordinator, for Defendant Flores to return her call.

7

41.  On August 26th 1998, Plaintiff Stockton left a third message for Defendant Flores to return her call.

42.  On August 27th 1998, Plaintiff Stockton contacted Defendant Flores after the third call and Defendant Flores stated, "I have not completed the transcript because I can not locate the official file."

43.  On September 2nd 1998, Plaintiffs filed with the court, their Motion To Recuse or Disqualify Trial Judge.

44.  On September 2nd 1998, Plaintiff Stockton left a message with the 138th court coordinator, for Defendant Flores to return her call.

45.  On September 3rd 1998, Plaintiff Stockton left a second message for Defendant Flores to return her call.

46.  On September 8th 1998, Defendant Stockton contacted Defendant Flores. He stated that the transcript would be completed by September 9th 1998.

47.  Defendant Flores was aware Plaintiffs requested the transcript in order to prepare their Motion For New Trial. Defendant Flores was aware the deadline for Plaintiff's to file their motion was September 8th 1998. Defendant Flores intentionally withheld Plaintiff's transcript in order for Plaintiffs to miss their appellate deadline, and secondly, if Plaintiffs were aware of the deadline and filed within the appellate period, they would have no points of error to present to the appellate court in the fabricated transcript.

48.  On September 8th 1998, Plaintiffs filed with the trial court, their Joint Motion For New Trial.

49.  On the morning of September 9th 1998, Defendant Flores contacted Plaintiff Sapp and stated he had completed the transcript. Plaintiff Sapp immediately drove to the Cameron County Courthouse, retrieved the transcript, and paid by check, $85.00.

8

50. On September 9th 1998, after returning from the Cameron County Courthouse, Plaintiffs reviewed the transcript.

51. Plaintiffs were astonished that the transcript did not describe the events that actually occurred, during the hearing, held on May 26th 1998.

52. Plaintiff Stockton immediately called the court coordinator for the 138th court and left a message for Defendant Flores to return her call.

53. On September 9th 1998, Defendant Flores returned Plaintiff Stockton's call. Defendant Stockton requested from Defendant Flores, a copy of the tape recording of the hearing.

54. Defendant Flores stated, "I can not turn over a copy of the tape recording of the hearing." Plaintiff Stockton stated, "I will call the Texas Commission Regulating Board and ask them why I can't get a copy of the tape recording."

55. Defendant Flores stated, "The reason I can not turn over the tape recording, is because I do not have the equipment to record it. Make a copy of the transcript and highlight the areas where there is a problem."

56. Plaintiff Stockton stated, "The problem is, this is not what happened that day. Why can't I get a copy of the tape recording?"

57. Defendant Flores stated, "Do as I say!" Defendant Flores disconnected communication.

58. On September 14th 1998, the 138th District Court, Judge Robert Garza, recused himself from the case. Judge Menton Murray, Jr., 103rd District Court, Cameron County, Texas, assigned the case to himself.

59. On September 30th 1998, Plaintiffs filed with the 103rd District Court, their Joint Motion For New Trial On Newly Discovered Evidence.

60. On the 26th day of October 1998, Plaintiffs served Notice of Intention To Take Oral Deposition Of Mr. Adelaido Flores, Jr. Defendant Flores was

9

requested to bring to the deposition, the original or certified copy of the audio tape recording of the hearing, held in the 138th District Court on May 26th 1998.

61. On October 26th 1998, Defendant Flores retained as counsel, the Cameron County Commissioner's Court, Civil Legal Division.

62. On October 27th 1998, the Cameron County Commissioner's Court, Civil Legal Division, filed with the 103rd District Court, Defendant Flores' Motion To Quash or, In The Alternative, For Protective Orders, regarding the tape recording of the May 26th 1998 hearing.

63. On October 30th 1998, a hearing was held in the 103rd District Court on Defendant Flores' Motion to Quash. The court granted Defendant Flores' motion.

64. On November 5th 1998, Plaintiffs filed with the Thirteenth District Court of Appeals, Corpus Christi, Texas, their Joint Notice of Appeal.

65. On three occasions, Plaintiffs filed with the 103rd District Court, their Notice Of Inaccuracies In The Reporter's Record and request for hearing in accordance with Tex. R. App. P. 34.6(e)(2). The court refused to set a hearing on Plaintiff's motions.

66. On the 11th day of February 1999, the Thirteenth Court of Appeals abated Plaintiff's appeal and ordered the trial court to conduct such hearings as may necessary to settle the dispute of the altered transcript.

67. On February 24th 1999, the trial court ordered Defendant Flores to retain the audio tapes of the May 26th 1998 hearing, pending further notice of the court of appeals.

68. On this same day, February 24th 1999, the Cameron County Sheriff's Department mailed a notice to Plaintiff Sapp, which stated that on April 6th 1999, a sheriff's sale would be held at the Cameron County Courthouse.

Plaintiff Sapp's five acre mobile park, Village West Mobile Home Park, 8101 West Business 83 Harlingen, Texas, would be sold to the highest bidder. The sale was to be held in order to satisfy William Bell's judgment, which was rendered by the 138th District Court on August 6th 1998.

69. On April 3rd 1999, Plaintiff Sapp filed for bankruptcy protection in the United States Bankruptcy Court For The Southern District Of Texas, Brownsville Division.

## VII.

70. Defendant Flores, did intentionally, and with malice, fabricate the official transcript of Plaintiff's May 26th 1998 hearing, held in the 138th Judicial District Court, Cameron County, Texas.

71. Defendant Flores, did intentionally, and with malice, rearrange sequences of the official record of the May 26th 1998 hearing.

72. Defendant Flores, did intentionally, and with malice, omit statements in the official record Plaintiffs made, during the May 26th 1998 hearing.

73. Defendant Flores, did intentionally, and with malice, add statements in the official record, Plaintiffs did not make, during the May 26th 1998 hearing.

74. Defendant Flores, did intentionally, and with malice, added statements William Bell did not make, during the May 26th 1998 hearing.

75. Defendant Flores, did intentionally, and with malice, omit statements William Bell made, during the May 26th 1998 hearing.

76. Defendant Flores, did intentionally, and with malice, add statements the 138th trial court did not make, during the May 26th 1998 hearing.

77. Defendant Flores, did intentionally, and with malice, omit statements the 138th trial court did make, during the May 26th 1998 hearing.

## VIII.

78. The County of Cameron County, Texas and the Cameron County Commissioner's Court, Cameron County, Texas, employ Defendant Flores. The County and the Commissioner's Court were negligent by employing Defendant Flores.

79. The Cameron County Commissioner's Court conspired with Defendant Flores to cover up his actions of fabricating the official record of the proceedings of the May 26th 1998 hearing on Plaintiff's Motion To Dismiss For Lack Of jurisdiction. The Cameron County Commissioner's Court and Defendant Flores have conspired to obstruct justice and have violated Plaintiff's right to due process and Plaintiff's right to equal protection under the law, secured to them by the Fourteenth Amendment of The Constitution of The United States. The Commissioner's Court directed their legal division to obstruct justice by representing Defendant Flores on his Motion To Quash subpoena for deposition.

Defendant Flores, a hispanic man, committed the above enumerated acts, in retaliation for Plaintiff Stockton, a white female, because Plaintiff Stockton sued a hispanic judge. The case is currently pending in the United States Supreme Court. Defendant Flores' actions were politically and racially motivated. Defendant Flores' actions were politically and racially motivated against Plaintiff Sapp, a white male. Defendant Flores' intent was to criple Plaintiffs financially.

## IX.

80. By reason of the conduct of Defendants, Plaintiffs have lost their appeal in the Thirteenth Court of Appeals, and are being forced to pay damages to William Bell, in the amount of $154,000.00. The Thirteenth

Court of Appeals used the fabricated transcript prepared by Defendant Flores in determining the merits of Plaintiff's appeal.

81.   By reason of the conduct of Defendant Flores, intentionally fabricating Plaintiff's official court record of their May 26th 1998, hearing, Plaintiffs have suffered damages.  By reason of the conduct of the Cameron County Commissioner's Court, and the County of Cameron, Plaintiffs have suffered damages.  Plaintiff Sapp has been in the real estate business for twenty-five years.  Plaintiff Sapp, during this period, had established an excellent credit history and a sincere business relationship with numerous lending institutions.

82.   As a result of Defendants actions, Plaintiff Sapp was forced to file bankruptcy.  Plaintiff Sapp is now unable borrow from any lending institution.  Plaintiff Sapp's properties have become untenable.  Plaintiffs have sustained damages for loss of earnings in the amount of $400,000.00.  Prior to Plaintiff Sapp filing bankruptcy, Plaintiff Sapp was in the process of refinancing his properties.  Plaintiff Sapp intended to borrow approximately $500,000.00 to purchase additional properties and refurbish existing properties.  Plaintiffs have suffered loss of future earnings in the amount of $1,850,000.00.

## X.

83.   Plaintiffs have been subjected, to the above recited acts, to the deprivation by Defendants, under color of law and of the customs and usages of the State of Texas, of rights, privileges, and immunities secured to them by the Constitution and the laws of the United States, particularly their rights to due process and their rights to equal protection under the law guaranteed to them under the Fourteenth Amendment to the Constitution of The United States.

## XI.

84. In doing the acts and things above complained of, Defendants were conspirators engaged in a scheme and conspiracy designed and intended to deny and deprive Plaintiffs of rights guaranteed to them under the Constitution and laws of The United States, as hereinabove enumerated.

Plaintiffs bring this cause of action for damages caused by the acts of Defendants as enumerated above. Plaintiffs are not requesting and do not request this Court to overturn the state court's judgment rendered by the 138th Judicial District Court, Cameron County, Texas.

## XII.

85. As a result and direct consequence and result of the acts of Defendants hereinabove complained of, Plaintiffs have suffered much anxiety and distress over the sheriff's sale of Plaintiff Sapp's property, being printed in the local newspapers over a one month period. Plaintiffs reputations have been severely tarnished. Plaintiffs have suffered much discomfort and embarrassment having been confronted by friends and business associates that believe the sheriff's sale of Plaintiff Sapp's property advertised in the local newspapers was drug related.

## XIII.

86. Plaintiffs demand a trial by jury.

## XIV.

87. The acts, conduct, and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, by reason of which Plaintiffs are entitled to an award of punitive damages in the sum of $5,000,000.00.

88. Wherefore, Plaintiffs demand judgment:

   1. Awarding Plaintiffs damages in the amount of $2,250,000.00;

14