*1⁊*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 3 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CECIL P. SAPP, and DENISE STOCKTON, Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| ADELAIDO FLORES, JR. CSR, and CAMERON COUNTY COMMISSIONER'S COURT, CAMERON COUNTY, TEXAS, and CAMERON COUNTY, TEXAS, Defendants. | ) ) ) ) ) ) |

CIVIL ACTION NO. B-00-137

## DEFENDANTS' RULE 12(b)(1) & (6) MOTION TO DISMISS

Defendants Flores, and Flores in his official capacity, the Commissioners Court and Cameron County move this Court to dismiss Plaintiff's Original Petition for the following reasons:

1.     **No subject matter jurisdiction:** The issue raised by Plaintiffs in this Court is inextricably intertwined with a state court judgment, *Stockton and Sapp v. Bell,* No. 13-98-600-CV, (Tex. App.-- Corpus Christi 2000), and this Court is in essence being called upon to review the state-court decision.  This Court lacks subject matter jurisdiction under the Rooker-Feldman Doctrine.

2.     **No Fourteenth Amendment Procedural Due Process Claim:** There is no procedural due process claim plead or possible because there is a procedure available in Texas for challenging the alleged constitutional deprivation – an inaccurate or fabricated reporter's record.  Such procedure was in fact used in this case.  (See, Paragraphs 65 and 66 of the Complaint.)

3.     **No Constitutional Claim against County:**  Plaintiff has failed to state a cause of action for deprivation of United States Constitutional rights actionable under 42 U.S.C., Section 1983, against the Commissioners Court and County.

1

CNtPDF - www.fastio.com

4.    **Duplicitous Claims:** Naming Cameron County, Texas, as a defendant and naming any employee or official of Cameron County, in their official capacity constitutes duplicitous claims against the County of Cameron. The Cameron County Commissioners Court and Flores in his official capacity should be dismissed.

5.    **Qualified immunity:** At all times alleged in the complaint, Flores was acting as the appointed court reporter for the 138th Judicial District Court of Cameron County, acting pursuant to his lawful authority and following in good faith the instructions or rules of the Court and was not in derogation of those instructions or rules.

WHEREFORE, Defendants pray this case be dismissed with prejudice to the refiling of the same.

SUPPORTING MEMORANDUM

Defendants file this brief in support of their Rule 12(b)(6) Motion to Dismiss:

### 6. Statement of the Issues to be Ruled upon by the Court

**(6.1) Rule 12(b)(6) Standard:** Under Rule 12(b)(6), the court must accept the allegations as true and must view them in the light most favorable to plaintiff, drawing all reasonable inferences in favor of the pleader. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). Dismissal under rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that could be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn,* 81 F.3d 521, 529 (5th Cir. 1996). However, the Complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992).

**(6.2) No Subject Matter Jurisdiction:** In this case the Plaintiffs are seeking civil rights

2

damages because they claim the very record found to be accurate by the state appeals court was not just inaccurate, but fabricated. This Court lacks subject matter jurisdiction under the Rooker-Feldman Doctrine. See, *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir, 1994); see also, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); and *Rooker v. Fidelity Trust*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

(6.3) **No Procedural Due Process Claim:** Plaintiff has not and could not, in good faith, plead that Texas does not provide a predeprivation process to challenge the accuracy of a court reporter's record. See, V.T.C.A., TRAP, Rule 34.6(e). The Parratt-Hudson Doctrine precludes a procedural due process claim. See, *Thibodeaux v. Bordelon*, 740 F.2d 329, 334 (5th Cir. 1984); see also, *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 81 L.Ed.2d 393 (1984); and *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

(6.4) **No Constitution Claim Against County:** In a civil rights claim under Section 1983 respondeat superior does not apply to the County. (See, Paragraph 78 of the Complaint.) *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690-94, 98 S.Ct. 2018, 2035-37, 56 L.Ed.2d 611 (1978). A court reporter is employed by a District Judge, not a County Commissioners Court. V.T.C.A., Government Code, Section 52.041; and *Rheuark v. Shaw*, 628 F.2d 297, 306 (5th Cir. 1980).

(6.5) **Duplicitous Claims:** A suit against an individual in their official capacity is a suit against the government entity that employs them. See, In *Familias Unidas v. Briscoe*, 619 F.2d 391, 403 (5th Cir. 1980); see also, *Monell, supra*, n. 55.

(6.6) **Qualified Immunity:** Defendant Flores was acting pursuant to his lawful authority as a court reporter and followed in good faith the instructions or rules of the court and was not in

3

derogation of those instructions or rules.  See, *McLallen v. Henderson*, 492 F.2d 1298, 1299 (5th

Cir. 1974); *Slavin v. Curry*, 574 F.2d 1256, 1266 (1978); and *Rheuark, supra*, at 305.

### 7.  Summary of Argument

(7.1)  **No Subject Matter Jurisdiction:**  In *Denise Stockton and Cecil P. Sapp v. William*

*Bell*,  No. 13-98-600-CV (Tex. App. – Corpus Christi 2000), (copy attached as Exhibit A), that

court, first returned the case to the trial court for a hearing on the accuracy of the reporter's

record (Paragraph 66 of the Complaint; copy of the trial courts Findings attached as Exhibit B),

than upheld both the procedure used to review the record and the accuracy of the record.  In this

case the Plaintiffs are seeking civil rights damages because they claim the very record found to be

accurate by the state appeals court was not just inaccurate, but fabricated.  This Court lacks

subject matter jurisdiction under the Rooker-Feldman Doctrine.  See, *United States v. Shepherd*,

23 F.3d 923, 924 (5th Cir, 1994); see also, *District of Columbia Court of Appeals v. Feldman*,

460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); and *Rooker v. Fidelity Trust*, 263 U.S.

413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

There is no Fourteenth Amendment substantive or procedural due process violation

because Sapp and Stockton were afforded due process by an appeal (Exhibits A & B) on the very

issues they are now raising in this civil rights complaint.  There was a state procedure in place to

review the record they challenged and they were allowed to use it.  More importantly, they allege

both the procedure (Paragraph 65) and that they used it (Paragraph 66).  This is the opposite of

what they must allege to state a due process claim.  See, *Thibodeaux v. Bordelon*, 740 F.2d 329,

334 (5th Cir. 1984).  They just do not like the outcome (Paragraph 80 of the Complaint), but this

Court lacks the original jurisdiction to review the state court decision. *Shepherd, supra*, at 924.

4

**(7.2) No Procedural Due Process Claim:** Plaintiff has not and could not, in good faith, plead that Texas does not provide a predeprivation process to challenge the accuracy of a court reporter's record.  See, V.T.C.A., TRAP, Rule 34.6(e).  When an inaccuracy exists in the record, whether by intention or by error, the inaccuracy can be challenged and corrected before the appeal is heard. The Parratt-Hudson Doctrine precludes a procedural due process claim.  See, *Thibodeaux v. Bordelon,* 740 F.2d 329, 334 (5th Cir. 1984); see also, *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 81 L.Ed.2d 393 (1984); and *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

**(7.3)  No Constitution Claim Against County:**

**7.3(A)**  In a civil rights claim under Section 1983 respondeat superior does not apply to the County.  (See, Paragraph 78 of the Complaint.)  *Monell v. Department of Social Services of New York,* 436 U.S. 658, 690-94, 98 S.Ct. 2018, 2035-37, 56 L.Ed.2d 611 (1978). "It is well established that in a Section 1983 action, liability may not be imposed on a government entity on a theory or respondeat superior for the actions of nonpolicymaking government employees." *Monell,* supra.  A court reporter is not a policy maker and Flores is not alleged to be a policy maker.

**7.3(B)**  Moreover, Paragraph 78 of the Complaint is an inaccurate statement of the law in Texas.  The 138 District Judge employs Court Reporter Flores, not the Commissioners Court.  V.T.C.A., Government Code, Section 52.041. A district court has absolute authority to appoint court reporters; the only thing a commissioners court must do is to pay the salaries of the court reporters so appointed.  *Rheuark v. Shaw,* 628 F.2d 297, 306 (5th Cir. 1980).

**7.3 (C)**  The Paragraph 79 allegation that the Commissioners Court conspired with

5

Flores by authorizing legal representation is simply specious. The ultimate act of filing a motion to quash (Paragraph 62 of the Complaint) is not a constitutional violation; if frivolous or if filed in bad faith, it may be grounds for sanctions in that case, but it was neither found to be frivolous nor in bad faith, it was granted (Paragraph 63 of the Complaint).

Under the Rooker-Feldman Doctrine this Court lacks jurisdiction to second guess the decision of the 103rd State District Court to grant Flores' Motion to Quash filed by his legal counsel. See, *Shepherd, Feldman and Rooker, supra.*

In essence, the 103rd Court did not let Sapp and Stockton depose the court reporter as a means to correct alleged inaccuracies in the record transcript; there is a proper procedure for doing that as set out in TRCP, Rule 34(6)(e), which Sapp and Stockton ultimately utilized. (Paragraphs 65 & 66 of the Complaint.)

The fact that they were not allowed to depose the court reporter, Flores, did not prevent Sapp and Stockton from getting a review of the record. (Paragraph 66 of the Complaint). There is no constitutional deprivation which flows through: (1) the Commissioners Court's provision of legal counsel to Flores, and (2) the legal counsel filing a motion to quash a subpoena to dispose the court reporter. (Paragraph 78 of the Complaint.)

**(7.4) Duplicitous Claims:** It appears that Plaintiffs have named Flores in his official capacity (Paragraphs 2,5,& 6 of the Complaint); Cameron County (the Style and Paragraph 6 of the Complaint); and the Commissioners Court (the Style and Paragraph 6 of the Complaint). A suit against an individual in their official capacity is a suit against the government entity that employs them. See, In *Familias Unidas v. Briscoe*, 619 F.2d 391, 403 (5th Cir. 1980); see also, *Monell, supra,* n. 55.

6

**(7.5) Qualified Immunity:** There is no constitutional deprivation. Plaintiffs had their state court appeal and raised the issue of an inaccurate written record. They lost. (See, fourth point of error, Exhibit A.) Therefore, it has been shown that Defendant Flores was acting pursuant to his lawful authority as a court reporter and followed in good faith the instructions or rules of the court and was not in derogation of those instructions or rules. See, *McLallen v. Henderson*, 492 F.2d 1298, 1299 (5th Cir. 1974); *Slavin v. Curry*, 574 F.2d 1256, 1266 (1978); and *Rheuark, supra,* at 305.

## 8. Conclusion

WHEREFORE, Defendants pray this court dismiss this case; with prejudice, for lack of subject matter jurisdiction, or, in the alternative, dismiss this case, with prejudice, for failure to state a cause of action upon which relief can be granted, and give the Defendants such other relief to which they may be entitled.

Respectfully submitted,

Commissioners Court
Civil Legal Department
964 East Harrison Street
Brownsville, Texas 78578
(956) 550 1345
(956) 550 1345 (Facsimile)

BY:

Richard O. Burst
Attorney In Charge
Texas State Bar #00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786515
S.D. No. 17065

7

## CERTIFICATE OF SERVICE

I, Richard O. Burst do hereby certify that a true and correct copy of the foregoing Motion to Dismiss has been mailed to the following on this ___6___ day of November, 2000, by certified mail return receipt requested:

    Cecil P. Sapp and Denise Stockton
    Plaintiffs, pro se
    Box 3208
    La Feria, Texas 78559

                                        Richard O. Burst

8

CMPDF - www.fesiio.com

2ND CASE of Level 1 printed in FULL format.

DENISE STOCKTON and CECIL P. SAPP, Appellants, v. WILLIAM BELL Appellee.

NUMBER 13-98-600-CV

COURT OF APPEALS OF TEXAS, THIRTEENTH DISTRICT, CORPUS CHRISTI

2000 Tex. App. LEXIS 3599

May 25, 2000, Delivered
May 25, 2000, Filed

NOTICE:

[*1] PURSUANT TO THE TEXAS RULES OF APPELLATE PROCEDURE, UNPUBLISHED OPINIONS SHALL NOT BE CITED AS AUTHORITY BY COUNSEL OR BY A COURT.

PRIOR HISTORY: On appeal from the 138th District Court of Cameron County, Texas.

DISPOSITION: Affirmed.

CASE SUMMARY

PROCEDURAL POSTURE: Appellants sought review of the judgment of the 138th District Court of Cameron County, Texas, granting a post-answer default judgment to appellee in appellee's action to recover the financial loss to appellee's business due to appellants' harassing phone calls and for malicious prosecution.

OVERVIEW: Appellee businessman filed an action against appellants to recover for the loss to appellee's business from appellants' harassing phone calls and for malicious prosecution. The trial court denied appellants' motion for summary judgment and granted a post-answer default judgment to appellee. Appellants alleged that the trial court lacked jurisdiction, the action was time barred, notice of the trial date was not received, and there was no hearing on the accuracy of a hearing record. The court affirmed; the trial court had jurisdiction because exclusive jurisdiction was not conferred on another court and the amount in controversy requirement was met. The action was not pre-empted because appellee's claims were not the subject of other pending litigation. Appellants failed to prove that the limitations periods had run because they failed to establish when appellee's criminal prosecution ended or when harassing phone calls were made. The summary judgment date was incorrect due to a clerical error. Appellants had personal notice of the trial date. An in camera review of the reporter's record was sufficient to verify the record's accuracy.

OUTCOME: The court affirmed the grant of default judgment to appellee and held that the court had jurisdiction to hear the action, appellee's claims were not time barred, appellants had notice of the trial date, and a record of a hearing was accurate.

CORE TERMS: malicious prosecution, summary judgment, criminal prosecution, complain, cause of action, trial setting, phone, pending litigation, harassing, appellants failed, commencement, termination, lacked jurisdiction, scheduled hearing, receive notice, pro se, overrule, notice

CORE CONCEPTS -

Civil Procedure: Jurisdiction: Subject Matter Jurisdiction: Jurisdiction Over Action
District courts have jurisdiction over all actions and proceedings except where exclusive jurisdiction has been conferred on some other court, tribunal, or administrative body. Tex. Const. art. V, § 8.

Torts: Intentional Torts: Abuse of Process & Malicious Prosecution
The law allows a cause of action for malicious prosecution against anyone who causes the commencement of a criminal prosecution, including lay people who make false, malicious reports of criminal activity.

Torts: Intentional Torts: Abuse of Process & Malicious Prosecution
The list of elements that must be proven by a plaintiff in a malicious prosecution lawsuit is: (1) the commencement of a criminal prosecution against a plaintiff, (2) causation (initiation or procurement) of the action by a defendant, (3) termination of the prosecution in the plaintiff's favor, (4) plaintiff's innocence, (5) the absence of probable cause for the proceedings, (6) malice in filing the charge, and (7) damage to the plaintiff.

EXHIBIT A

Civil Procedure: Pleading & Practice: Defenses, Objections & Demurrers: Affirmative Defenses

Limitations is an affirmative defense, Tex. R. Civ. P. 94, properly raised as a "plea in bar" in a motion for summary judgment, not a plea to the jurisdiction.

Torts: Intentional Torts: Abuse of Process & Malicious Prosecution

Governments & Legislation: Legislation: Statutes of Limitations

A person must bring suit for malicious prosecution not later than one year after the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.002 (1986). The limitation period begins upon the termination of a criminal prosecution.

Torts: Business & Employment Torts: Fraud & Deceit

Governments & Legislation: Legislation: Statutes of Limitations

A claim for damage to a business occasioned by harassing phone calls is subject to a four year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (1997).

COUNSEL: APPELLANTS PRO SE: Cecil P. Sapp, Denise Stockton, La Feria, TX.

APPELLEE PRO SE: William E. Bell, Corpus Christi, TX.

JUDGES: Before Justices Dorsey, Chavez, and Rodriguez. Opinion by Justice Chavez.

OPINIONBY: MELCHOR CHAVEZ

OPINION:
Opinion by Justice Chavez

Appellants Denise Stockton and Cecil Sapp appeal from a post-answer default judgment taken against them by William Bell. All parties were pro se in the trial court, and are pro se on appeal. In his original petition, Bell alleged that appellants made hundreds of harassing phone calls to his restaurant, resulting in financial losses to the business. He also brought a cause of action against appellants for malicious prosecution. On appeal, appellants argue that the trial court lacked jurisdiction, limitations barred appellee's claims, the trial court impermissibly denied their motion for summary judgment on the day before the scheduled hearing, and they did not receive notice of the trial setting. We overrule these arguments and affirm the trial court's judgment.

Appellants' first argument is that the Cameron County

district court lacked [*2]jurisdiction over Bell's claims because they arose in Nueces County and were the subject of pending litigation in other courts. District courts have jurisdiction n1 over all actions and proceedings except where exclusive jurisdiction has been conferred on some other court, tribunal, or administrative body. TEX. CONST. art. V. § 8. Appellee's petition alleged that he had suffered over $ 100,000 in damages, well in excess of any possible minimum amount-in-controversy for district courts. See Chapa v. Spivey, 999 S.W.2d 833, 834-36 (Tex. App.--Tyler 1999, no pet.) (discussing absence of clear statement in present law setting minimum amount in controversy for district court jurisdiction, but nevertheless concluding that $ 500 minimum applied).

n1 Appellants have not argued that venue, a separate concept from jurisdiction, was improper in Cameron County.

Appellants complain that many of the controversies referenced in appellee's pleadings are the subject of pending litigation in other courts, [*3] and, therefore, should have been pre-empted by the pre-existing litigation. However, the judgment in the instant case did not award appellee any damages related to those controversies. Appellee received damages for his malicious prosecution cause of action, arising from a "stalking" allegation made against him by the appellants, and for losses to his business caused by harassing phone calls from appellants. Appellants neither alleged nor proved that either of these matters were the subject of pending litigation in another court.

Appellants also argued that a malicious prosecution cause of action may only be brought against law enforcement authorities. If meritorious, this argument would constitute grounds for a summary judgment, not a dismissal for want of jurisdiction as requested by appellants. In any event, Texas law allows a cause of action for malicious prosecution against anyone who causes the commencement of a criminal prosecution, including lay people who make false, malicious reports of criminal activity. Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997); n2 see also Ellis County State Bank v. Keever, 888 S.W.2d 790, 795 (Tex. 1994)[*4] (upholding judgment for malicious prosecution against bank officials who reported debtor for crime of hindering secured creditor).

Case 1:00-cv-00137   Document 7   Filed in TXSD on 11/03/2000   Page 11 of 15

n2 The full list of elements that must be proven by a plaintiff in a malicious prosecution lawsuit is: (1) the commencement of a criminal prosecution against the plaintiff; (2) causation (initiation or procurement) of the action by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff. Richey, 952 S.W.2d at 517.

Finally, appellants argued that appellee's claims are barred by limitations. Limitations is an affirmative defense, see TEX. R. CIV. P. 94, properly raised as a "plea in bar" in a motion for summary judgment, not a plea to the jurisdiction. State v. Narvaez, 900 S.W.2d 846, 847 (Tex. App.--Corpus Christi 1995, no writ). We hold that, in addition to the defects in procedure, [*5] appellants' limitations arguments fail for lack of proof.

A person must bring suit for malicious prosecution not later than one year after the day the cause of action accrues, see TEX. CIV. PRAC. & REM. CODE ANN. § 16.002 (Vernon 1986). This limitation period begins upon the termination of the criminal prosecution. Leal v. American Nat'l Ins. Co., 928 S.W.2d 592, 596 (Tex. App.- -Corpus Christi 1996, writ denied). In this case, appellants failed to provide any evidence of when the criminal prosecution ended. n3 Therefore, they failed to prove that limitations barred appellee's malicious prosecution claim.

n3 Appellants' brief states that appellee was released from jail the same day he was arrested, implying that the criminal prosecution ceased that same day. However, nothing in the record supports this claim.

Appellee's claim for damage to his business occasioned by harassing phone calls is subject to a four year statute of limitations. See TEX. CIV. PRAC. [*6]& REM. CODE ANN. § 16.051 ((Vernon 1997). Here as well, appellants failed to present any evidence of when the phone calls were made or when appellee's alleged damages were suffered. Without such proof, their limitations defense fails.

Appellants' first point of error is overruled.

In their second point of error, appellants complain that the trial court erred in denying their motion for summary judgment on August 5, 1998, when a hearing had been scheduled for that motion on August 6, 1998. A hearing

was held on August 6, 1998, and, from the reporter's record of that hearing, it appears that the trial judge actually denied the motion during that August 6, 1998 hearing, and the "August 5" date on the order denying the motion may be a clerical error. In any event, appellants did not appear at the August 6 hearing. Even if the trial court had denied their motion before the scheduled hearing, because appellants did not appear for the hearing, they suffered no harm. Appellants' second point of error is overruled.

Appellants' third point complains that they did not receive notice that the trial court might proceed with a trial on the merits on August 6. [*7] Appellants concede that the trial court, in their words, "tentatively" set the case for trial on August 6 during a hearing on May 26. However, the reporter's record for that day reveals that there was nothing "tentative" about the August 6 trial setting.

The trial judge had first indicated that he wanted a trial date of June 18. Appellants asked for a later date, and the following exchange took place between appellants and the judge:

THE COURT: We can do it - - I guess we could set it down for August 8th.

MR. SAPP: That would be a lot better, Your Honor.

THE COURT: Let me see. August the 8th is a - - no, August 6.

MR. SAPP: August 6 ?

MS: STOCKTON: August 6.

THE COURT: August 8 is a Saturday.

MR. SAPP: Okay, then, Thursday ?

THE COURT: Thursday. Okay. I'll give you till August 6, at ten o'clock.

MR. SAPP: Yes, Your Honor.

MS. STOCKTON: Thanks a lot.

THE COURT: It will be set for trial at that time. It will be set for trial before this court.

Appellants do not contend that any subsequent order of the trial court modified this setting. In its final judgment, the trial court stated that appellants "had proper

Case 1:00-cv-00137  Document 7  Filed in TXSD on 11/03/2000  Page 12 of 15

notice of the[*8] trial setting, including personal notice in open court." The record supports this finding.

Appellants contend that their failure to appear should be excused by a notice they received that their motion for summary judgment would be heard on August 6, but that "no appearance is necessary." This notice regarding appellants' motion for summary judgment did not alter the trial setting. Appellants argue that the trial court was without authority to consider their motion for summary judgment and to conduct a trial on the same day. However, there is no authority to support this argument, either in appellants' brief or in the body of Texas law.

Appellants' third point of error is overruled.

In their fourth point of error, appellants complain of the trial court's failure to conduct a hearing on their claim that the reporter's record from the May 26 hearing was inaccurate. We previously abated this appeal and ordered the trial court to conduct "such hearings as may be necessary to settle the dispute." In camera, the trial court reviewed the written record of the hearing and compared it to the court reporter's tape recording of the hearing. The trial court found that the record was substantially[*9] accurate, containing only two inconsequential errors. In a supplemental brief, appellants complain that this action of the trial court was not sufficient. We hold that the trial court's in camera review was sufficient, and overrule appellants' fourth point of error as moot.

The judgment of the trial court is affirmed.

MELCHOR CHAVEZ

Justice

Opinion delivered and filed this the 25th day of May, 2000.

CERTIFIED
COPY

NUMBER 13-98-600-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

DENISE STOCKTON AND CECIL P. SAPP,                    Appellant.

v.

WILLIAM BELL,                                          Appellees.

On appeal from the 103rd District Court
of Cameron County, Texas

FINDINGS OF THE COURT OF THE MAY 26, 1998 HEARING

On or about the 20th day of November, 1998 in trial court 97-09-6061-B, the appellants filed their notice of inaccuracies in the court reporter's records in the case on appeal herein. Thereafter by document dated December 16, 1998 the trial court made a "request of the trial court to the Honorable Court of Appeals" requesting instructions from the Court of Appeals. By document dated February 11, 1999, the Appellate Court entered an order abating the appeal and ordering this Court to conduct a hearing within twenty days to resolve the dispute regarding the court reporter's notes.

The trial court made an informal inquiry regarding the court reporter's practices and determined that the court reporter maintained for his convenience a backup audio tape of the proceedings that he recorded. On the 24th day of February, 1999, the trial court directed the court reporter Adelaido Flores, Jr., CSR, the official court reporter of the 138th District Court to provide the court with the audio tapes of the May 26, 1998 hearing. The said court reporter provided tapes #338H and #338I which contained a raw audio recording of what transpired in the courtroom during the aforementioned hearing.

The trial court listened to the audio tapes and compared them with the trial court's copy of the statement of facts which is contained in the trial court's file relative to the hearing of May 26, 1998. Audio tape #338H contains the raw recording of what transpired from page 2 through line 20 of page 9 of the statement of facts. At that point, a delay in the proceedings occurred at which time the court took up various unrelated cases on its docket. The trial court listened to the remainder of the tape #338H to verify that nothing further transpired on the remainder of that tape relative to the case herein. The remainder of that tape did not include anything relative to this case or the parties to it.

EXHIBIT B

The Court then listened to the beginning of tape #338I which began with the proceedings beginning page 9, line 24 of the statement of facts and continuing until the time the statement of facts ended on page 18 and the tape continued with other unrelated matters on the court's docket. The trial court finds that there is no substantial difference relative to any potential area of appeal except as set out hereinafter.

The Court finds that the trial court basically accomplished two things in the May 26 hearing. First, it heard the appellant's motion to dismiss for lack of jurisdiction which the trial court denied. Since the appellant may wish to raise points of error relative to the court's denial of the motion to dismiss, the record relative to that is potentially important. The only error that the court could find in the transcript relative to the appellant's contentions comes on page 3, line 15 of the statement of facts. The statement of facts contains the words "without jurisdiction" on that line while the audio tape revealed the actual words "without probate jurisdiction".

Secondly, the remaining portion of the proceedings dealt with the selection of a trial date after the appellants asked for more time than what the Judge originally suggested. The Judge originally suggested the trial date of June 19, 1998. After some discussion, the court again made reference to June 19 on the audio tape but the statement of facts on page 12 line 9 said "June 18". This error was no significance because the court ultimately decided to concur with the appellant's request for more time and all parties ultimately agreed on the trial date of August 6. The statement of facts and the audio tapes coincide on that ultimate date.

The significance of the August 6 setting is that the appellants apparently failed to appear on that date and a judgment was entered for the appellee.

The only recommendation of the court herein to make the statement of facts accurate is to insert the word "probate" between the words "without" and "jurisdiction" on page 3 line 15 and to change the number "18" to "19" on page 12 line 9.

The court considered two other methods of checking the accuracy of the court reporter's final product. One would be to run the computer disk containing the records from the proceedings through the computer in raw form which would result in a print out in substantially the same form as the official record but with the occasional indicator that the computer could not transcribe certain word or words with which it was unfamiliar. This could be compared to the final official product to see if it substantially matched.

The second alternative would be to employ an outside court reporter to attempt to read the shorthand notes of the court reporter to determine if the official transcript matched.

The court declines to take care of the two additional actions since the audio tapes corresponded substantially with the official statement of facts.

CUtePDF - www.tastia.com

The court this day is entering an order to retain the audio tapes, the computer disk, and the court reporter's notes relevant to this hearing until further order of this court.

In summation, the trial court finds that the official statement of facts relevant to the May 26, 1998 hearing is substantially accurate and recommends to the Appellate Court that it be found accurate with the two corrections as set out hereinabove.

The trial court elected to conduct this proceeding in camera rather than call a hearing because the only purpose of a hearing would be to allow the parties to hear exactly what the trial court heard and the court did not deem that necessary in light of the trial court's findings.

The trial court will take no further action pending further order for the Honorable Court of Appeals.

The District Clerk is directed to send a certified copy of this report the the Thirteenth Court of Appeals.

Signed for entry this the _____25th_____ day of February, 1999.

03/02/99 COPIES TO:
COURT OF APPEALS
COURT REPORTER, AL FLORES
WILLIAM BELL
DENISE STOCKTON
CECIL P. SAPP

JUDGE PRESIDING

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

BY _____ DEPUTY