IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 6 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CECIL P. SAPP, and | * | |
| DENISE STOCKTON | * | |
|     Plaintiffs | * | CIVIL ACTION NO. B-00-137 |
| v. | * | |
| | * | |
| ADELAIDO FLORES, Jr., CSR, | * | |
| and CAMERON COUNTY | * | |
| COMMISSIONER'S COURT, | * | |
| CAMERON COUNTY, TEXAS | * | |
|     Defendants | * | |

### PLAINTIFFS' RESPONSE TO DEFENDANTS'
### RULE 12(b)(1) & (6) MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Plaintiffs in the above entitled and numbered cause and respond to Defendants' 12(b)(1) and (6) Motion To Dismiss and would show unto the Court the following:

### I.

1.    Defendants allege this Court lacks subject matter jurisdiction in this cause of action by virtue of the Rooker-Feldman Doctrine. The case at hand has nothing to with any state court judgment or decision. This case was brought against Defendants for the act of Defendant Flores intentionally and maliciously fabricating an official court document of a judicial proceeding and the subsequent conspiracy to cover up the original act.

2.    Defendants allege Plaintiffs do not have a procedural due process claim because there was a state court remedy for Plaintiffs and they further allege Plaintiffs used the state procedure in this case. Plaintiffs have brought a civil

1

rights action against Defendants. The procedures relied upon in Defendants argument do not and did not allow for redress for Defendants' actions.

3. Defendants allege Plaintiffs failed to state a cause of action for deprivation of the United States Constitutional rights actionable under 42 U.S.C., Section 1983, against the Cameron County Commissioners' Court and the County of Cameron. Plaintiffs stipulate that Plaintiffs do not have an action against Cameron County, Texas. However, Plaintiffs do have an action against the Cameron County Commissioners Court for conspiring and assisting Defendant Flores to cover up his original act and therefore depriving Plaintiffs' United States Fourteenth Amendment right to procedural due process.

4. Defendants allege that at all times alleged in Plaintiffs' complaint, Flores was a court reporter acting pursuant to his lawful authority and following in good faith the instructions or rules of the Court and was not in derogation of those instructions or rules. Plaintiffs alleged that Defendant Flores actions were committed in bad faith and as a result of Defendant Flores intentional and malicious actions Plaintiffs suffered harm.

5. Defendants wholly failed to address Plaintiffs' complaint regarding their allegation of Defendants' violation of their Fourteenth Amendment right to equal protection under the law, therefore Plaintiffs' allegations stands as fact.

## II.
## RESPONSE TO DEFENDANTS' STATEMENT OF THE ISSUES

6. Plaintiffs' complaint does not merely state conclusions. Plaintiffs did state facts in their complaint to support their allegations beginning on page 2, No. 8 through page 11, No. 69, in their original complaint.

2

7. This Court has subject matter jurisdiction in this cause of action by virtue of Title 28 U.S.C. 1343 and Title 42 U.S.C. 1983 and 1985. Plaintiffs alleged in their original complaint, Defendant Flores did intentionally and with malice deprive Plaintiffs of due process, when Defendant Flores intentionally and with malice fabricated the official judicial record of a hearing where Plaintiffs were parties, and participated at the hearing in the state district court. Plaintiffs alleged Defendant Flores act was intentional and was intended to cause harm to Plaintiffs by rendering Plaintiffs unable to proceed to the appellate court with a correct or even partially correct reporter's record. Plaintiffs alleged Defendant Flores accomplished his objective and did cause Plaintiffs harm. Plaintiffs further alleged Defendant Flores being Hispanic and Plaintiffs Anglo, committed the act in retaliation for Plaintiff Stockton bringing a law suit against a Hispanic judge.

Plaintiffs, in their original complaint, revealed the nature of the hearing in which Plaintiffs alleged Defendant Flores fabricated the reporter's record. Plaintiffs stated what statements Defendant Flores omitted and inserted into the fabricated record transcript. Plaintiffs alleged Defendant Flores spliced and rearranged sequences of the hearing and further Plaintiffs stated the harm which Plaintiffs were subjected to, as of the result of Defendant Flores's actions. (Plaintiff's Original Complaint, Page 3, No. 9 through 14, Page 3, No's. 15, 19, 20, 21, 22, 23, 29, 30, 31, and 33)

Plaintiffs stated in their original complaint, that this Court has jurisdiction of this cause under and by virtue of Title 28 U.S.C. Sec. 1343 and the action arose under federal law, particularly Title 42 U.S.C., Sec. 1983 and 1985. (Sec. III. and IV.)

Defendants argue that the Court lacks subject matter jurisdiction under the Rooker-Feldman Doctrine. Plaintiffs specifically stated in their original

3

petition that this action was brought against Defendants for damages caused by their conduct. Plaintiffs stated that they are not requesting and do not request the Court to overturn the state court's judgment rendered by the 138th Judicial District Court, Cameron County, Texas. (Plaintiffs' Original Complaint, No. 84) This action was not brought by Plaintiffs for the Court to review or overturn any judgments or orders rendered in any state court. The action was brought as a civil rights claim against Defendants for violating Plaintiffs' Fourteenth Amendment right to due process and equal protection of the law.

"In suit against court clerk for allegedly furthering conspiracy to deprive Plaintiff of his civil rights by altering criminal trial transcript to prevent Plaintiff from winning new trial on appeal, there was no grounds for holding that clerk was immune from suit, where court clerk duties were ministerial and Plaintiff alleged that court clerk acted in bad faith. **Gurierrez v. Vergari**, D.C.N.Y. 1980, 499 F.Supp. 1040. Prosecutorial functions do not extend to supervision of trial transcript, and thus prosecutors are not immune from liability for damages for allegedly altering transcript. **Slavin v. Curry**, 574 F.2d 1256 (Tex. 1978), rehearing denied 583 F.2d 779.

The act of Defendant Flores fabricating the official court record of Plaintiff's hearing in the 138th District Court is not "inextricably intertwined" with the state court's judgment. Defendant Flores's act was distinctly separate from any state court proceedings. The judgments or orders rendered by the trail court or the appellate court are not at issue in this cause of action.

Defendants cite the Rooker-Feldman Doctrine and argue that the Court lacks subject matter jurisdiction over Plaintiff's case because the state appellate court found the reporter's record to be accurate. The Rooker-Feldman Doctrine is not applicable in this case. If the relief

4

requested in federal court requires a determination that the state court decision is wrong or if it would void the state court ruling, then the issues are "inextricably intertwined" and the district court has no jurisdiction to hear the suit. **Charchenko**, 47 F.3d at 983. In this case, determining whether Defendants violated Plaintiffs' constitutional rights, would not necessitate the Court piercing any state court judgments or orders.

Defendants are requesting the Court to review the 103rd District Court findings (Defendants' Exhibit B and the Thirteenth Court of Appeals Findings, Exhibit A) The Court is barred in considering Defendants argument and the exhibits supporting Defendants' argument by virtue of the Rooker-Feldman Doctrine. The Court should strike Defendants' argument and supporting documents, Exhibits A & B.

8. Defendants argue that Plaintiffs do not have a procedural due process claim by virtue of the Parratt-Hudson Doctrine.

First and foremost, it should be noted that in this case, the 103rd District Court or the Thirteenth District Court of Appeals were not courts of original jurisdiction for Plaintiffs to be compensated for actual and punitive damages in a civil rights action against Defendants.

Defendants' argument that Plaintiffs' procedural due process was satisfied by the 103rd District Court together with the Thirteenth District Court of Appeals does not satisfy procedural due process for a civil rights violation. Defendants argue that Plaintiffs remedy was afforded them by V.T.C.A., Rule 34.6(e) Tex. R. App. P. This is an appellate procedure to correct a disputed reporter's record, not a means of redress for violation of constitutional civil rights in federal court. The U.S. Supreme held: "it is abundantly clear that one reason the legislation (Section 1983) was to afford a federal right in federal courts because, by reason of prejudice, passion,

5

neglect, intolerance or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges and immunities guaranteed by the Fourteenth Amendment. Amendment might be denied by the state agencies. **Parratt v. Taylor**, 451 U.S. 527 (1981)

Let us assume for purely argument purposes, that Defendants are correct, that Tex. R. App. P. 34.6(e) is the state's means for a citizens redress for a violation of the Fourteenth Amendment right to due process and equal protection of the law. In this aspect of their argument, Plaintiffs rights to procedural due process was then further violated by the state. The state did not allow Plaintiffs a hearing on their Notice of Inaccuracies In The Reporter's Record and Request For Hearing Tex. R. App P. 34.6(e)(2). (Plaintiffs' Original Petition No. 65) A fundamental requirement of due process is "the opportunity to be heard". **Grannis v. Ordean**, 234 U.S. 385, 394 (1914) "It is sufficient, where only property rights are concerned, that there is of some stage an opportunity for a hearing and a judicial determination." **Ewing v. Mytinser and Casselberry**, 339 U.S. at 598. **Springer v. United States**, 102 U.S. 586, 593-594 (1881) "The fundamental requirement of due process is the opportunity to be heard and is an "opportunity which must be granted at a meaningful time and in a meaningful manner." **Armstrong v. Manzo**, 380 U.S. 545, 552 (1965).

In this case, the Court is barred by the Rooker-Feldman Doctrine from considering any state court judgments or rulings in making its determination to dismiss Plaintiffs' case. The issue before the Court is whether Plaintiffs have stated a case on which relief can be granted. In making a determination whether Defendants violated Plaintiffs' constitutional rights to due process and equal protection of the laws of the United States Constitution, particularly

6

the Fourteenth Amendment, the Court does not need to make a determination of the validity of any of the judgments or orders of the state courts.

9. Defendants argue that Defendants are immune by virtue of qualified immunity and Defendant Flores was acting in good faith following the instructions of the Court. Plaintiffs alleged in their original complaint that Defendant Flores and the Cameron County Commissioners Court conspired to violate Plaintiff's civil rights and further Plaintiffs alleged that the acts complained of were done intentionally and with malice. (Plaintiffs' Original Complaint VII.) "State official does not enjoy qualified immunity with respect to an act if the constitutional right allegedly violated by the act is clearly established and the officer knew or should have known of that right and knew or should have known that his conduct violated that right; the defense is also unavailable where the officials acted with malicious intent to deprive the individual of a constitutional right or to cause some other injury to the individual. **Atcherson v. Siebenmann**, 458 F.Supp. 526 (1978) **Meyer v. Niles Tp.**, 477 F.Supp 357 (1979)

10. Defendants did not address Plaintiffs' allegations of Defendants' violation of Plaintiffs' Fourteenth Amendment right of equal protection of the law. Plaintiffs' allegations stands unopposed and shall be viewed in light most favorable to Plaintiff. "The Equal Protection Clause is essentially a direction that all persons similarly situated should be treated alike." **Brennan v. Stewart**, 834 F.2d. 1248, 1257 (5th Cir. 1988) "Review of Rule 12(b)(6) is de novo and dismissal shall not be affirmed unless it appears that Plaintiff can prove no set of facts in support of their claim that would entitle them to relief." **Blackburn v. City of Marshall**, 42 F.3d 925, 931 (5th Cir. 1995) "For purposes of review, plaintiffs' factual allegations must be excepted as true." **Davis and Davis v. Bayless**, (5th Cir. 1995)

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray the Court strike Defendant's exhibit A and B of their Rule 12(b)(1)&(6) Motion to Dismiss. Plaintiffs pray the court deny Defendants' Rule 12(b)(1)&(6) Motion To Dismiss. Plaintiffs pray for any further relief they may be entitled in law or in equity.

Respectfully submitted,

Cecil P. Sapp, pro se
Box 3208
La Feria, Texas 78559
(956) 797-2337

Denise Stockton, pro se
Box 3208
La Feria, Texas 78559
(956) 797-2337

### CERTIFICATE OF SERVICE

I do hereby certify that on this 26th day of December 2000, a true and correct copy of the foregoing Plaintiffs' Response To Defendants' Rule 12(b)(1)&(6) Motion To Dismiss was sent in a properly addressed envelope by way of the United States Postal Service via first class mail to:

Mr. Richard O. Burst
Cameron County Civil Legal Division
964 East Harrison
Brownsville, Texas 78520

*[signature]*

9