14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

**JAN 11 2001**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| CECIL SAPP and DENISE STOCKTON, | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| *versus* | § | CIVIL ACTION B-00-137 |
| | § | |
| FLORES, | § | |
| CAMERON COUNTY COMMISSIONER'S | § | |
| COURT, and CAMERON COUNTY | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

BE IT REMEMBERED that on January 10, 2001, the Court **RULED** that it lacked subject matter jurisdiction over the above-styled cause under the Rooker-Feldman doctrine, and therefore **DISMISSES** the action without prejudice. In addition, the Court **DENIES** Plaintiffs' Motion to Reconsider Order Denying Plaintiffs' Unopposed Motion for Extension of Time to Respond to Defendants' Rule 12(B)(1)&(6) Motion to Dismiss [Dkt. No. 10].

I.   Summary of Procedural History

Mr. Sapp and Ms. Stockton appealed a state court default judgment in an action styled Denise Stockton and Cecil P. Sapp v. William Bell, No. 13-98-600-CV (Tex. App. -- Corpus Christi 2000) by alleging, inter alia, that the transcript from a hearing dated May 26, 1998 was inaccurate. Complaint [Dkt. No. 1], ¶¶ 70-77, 80. The state appellate court abated the appeal until the trial court settled the dispute. Defendants' Rule 12(b)(1) & (6) Motion to Dismiss [Dkt. No. 8], ¶ 6.2; Exh. A, p. 6. In an in camera review the state trial court found that, aside from two inconsequential errors, the transcript was an accurate representation of what occurred at the hearing. Dkt. No. 8,

Exh. B. This finding was affirmed by the state appellate court. Dkt. No. 8, Exh. A, p. 6. Mr. Sapp and Ms. Stockton now bring suit in the instant matter against the court reporter of the May 26, 1998 hearing, the Cameron County Commissioner's Court, and Cameron County for what appears to be conspiracy (Dkt. No. 1, ¶ 6), intentional misrepresentation (¶ 7), negligent hiring (¶ 78), obstruction of justice (¶ 79), deprivation of Fourteenth Amendment due process (¶¶ 79 and 83), and emotional distress (¶ 85).

II.    Rooker-Feldman Doctrine

Under the Rooker-Feldman doctrine, only the United States Supreme Court has been given jurisdiction to review a state court decision.   See Reitnauer v. Texas Exotic Feline Foundation, Inc., 152 F.3d 341, 343-44 (5th Cir. 1998); Carrouche v. City of New Orleans, 29 F.Supp.2d 740, 742 n. 2 (E.D. La. 1998); C. WRIGHT and A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4469.1 (Supp. 2000).  If the district court is confronted with issues that are "inextricably intertwined" with a state judgment, the court is in essence being called upon to review the state court decision, and the district court's original jurisdiction precludes such a review. See United States v. Shepherd, 23 F.3d 923 (5th Cir. 1994).  In the Fifth Circuit, the Rooker-Feldman doctrine does not bar an action in federal court if that same action would be allowed in the state court of the rendering state.  See Davis v. Bayless, 70 F.3d 367, 3776 (5th Cir. 1995)(plaintiffs could have raised their claims in any Texas court since Texas courts allow challenges to orders authorizing receivers to take possession of receivership property; therefore, dismissal by district court based on Rooker-Feldman doctrine would be improper), citing Gauthier v. Continental Diving Serv. Inc., 831 F.2d 559, 561 (5th Cir. 1987).

The Fifth Circuit case Reitnauer is instructive.  In that case, the appellee, Retinauer, had been found guilty in state court of a breach of fiduciary duty to Texas Exotic Feline Foundation ("TEFF"), and thus the court denied her homestead rights to property on which the TEFF was built.  Retinauer declared bankruptcy which automatically stayed the state court proceedings against her.  However, TEFF successfully moved the bankruptcy court to lift the automatic stay so that the state court

2

CM/PDF - www.texiq.com

judgment could be enforced.  Reitnauer appealed the decision to the district court.

In concluding that the bankruptcy court abused its discretion, the district court passed upon the merits of the state court's decision to deny Retinauer her homestead rights: "the bankruptcy court's order has the effect of approving the enforcement of the *improper actions taken in the state court's judgment* relative to [Reitnauer's] homestead (emphasis added)." 152 F.3d at 344.  The Fifth Circuit reversed because the state court's decision was not reviewable by the district court, as sitting in appellate review of the state court judgment would violate the letter of the Rooker-Feldman doctrine.  Id.

III.     The Rooker-Feldman Doctrine prevents this Court from assuming jurisdiction.

For this Court to render a judgment in Mr. Sapp and Ms. Stockton's favor, it would need to have jurisdiction to review, undo, and overturn the state court proceedings and the resulting determination that the transcript was accurate.  As stated *supra,* under the Rooker-Feldman doctrine this Court cannot sit in appellate review of a state court judgment.  Although Mr. Sapp and Ms. Stockton assure the Court that they are not asking it to overturn the state court judgment (Dkt. No. 1, ¶ 84), this is precisely what the Plaintiffs seek.  By basing claims on a factual issue that has already been determined in a previous state court proceeding, it is clear that the Plaintiffs wish this Court to impermissibly invalidate the state court judgment.

The Rooker-Feldman doctrine is not an absolute bar, however, as the Fifth Circuit allows federal courts to hear actions which would be allowed in state court. Nevertheless, this case could not proceed in state court because Mr. Sapp and Ms. Stockton's claims all stem from the factual assertion that the hearing transcript was inaccurate.  Since Mr. Sapp and Ms. Stockton perfected their state court appeal regarding this exact issue, the only court left in which to contest the factual finding is the Texas Supreme Court.  However, the Texas Supreme Court has no jurisdiction over

3

issues of fact.[1]  Therefore, since the Plaintiffs are precluded from litigating this issue further in any state court, they are likewise precluded from re-litigating the issue in federal court.

IV.     The Court denies Plaintiffs' Motion to Reconsider Order Denying Plaintiffs' Unopposed Motion for Extension of Time to Respond to Defendants' Rule 12(B)(1)&(6) Motion to Dismiss [Dkt. No. 10]

Plaintiffs asked the Court for an extension of time to respond to the Defendants' Motion to Dismiss in a previous motion [Dkt. No. 8] which was denied [Dkt. No. 9].  Now Plaintiffs submit a motion to reconsider [Dkt. No. 10] which fails to give any new reason for an extension.  The motion does nothing more than assert the same arguments that Plaintiffs presented in their original motion.  The Court had previously found that these reasons were insufficient to grant Plaintiffs an extension of time [Dkt. No. 9], and these same reasons remain insufficient.  Therefore, the Court **DENIES** Plaintiffs' Motion to Reconsider Order Denying Plaintiffs' Unopposed Motion for Extension of Time to Respond to Defendants' Rule 12(B)(1)&(6) Motion to Dismiss [Dkt. No. 10].

V.     Conclusion

In sum, the Court rules as follows:

1.     the Court lacks subject matter jurisdiction over the instant matter under the Rooker-Feldman doctrine, and therefore **DISMISSES** the action without prejudice; and

---

[1] "[T]he decision of [the appellate] courts shall be conclusive upon all questions of fact brought before them by appeal or error." TEX. CONST. Art. V, § 6. This clause has been termed the "factual conclusivity clause," and functions not as a grant of authority to the courts of appeals but as a limitation upon the judicial authority of the Texas Supreme Court. See Stone v. State of Texas, 823 S.W.2d 375, 378 (Tex. App. - - Austin 1992), citing Cropper v. Caterpillar Tractor Co., 754 S.W.2d 646, 648 (Tex. 1998), citing Choate v. San Antonio & A.P. Ry. Co., 91 Tex. 406, 44 S.W. 69 (1898).

4

2.    the Court **DENIES** Plaintiffs' Motion to Reconsider Order Denying
        Plaintiffs' Unopposed Motion for Extension of Time to Respond to
        Defendants' Rule 12(B)(1)&(6) Motion to Dismiss [Dkt. No. 10].

DONE at Brownsville, Texas, this 10 day of January 2001.

Hilda G. Tagle
United States District Judge

5