*15*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CECIL P. SAPP, and | * | |
| DENISE STOCKTON | * | CIVIL ACTION NO.B-00-137 |
| Plaintiffs | * | |
| | * | JURY TRIAL REQUESTED |
| v. | * | |
| | * | |
| ADELAIDO FLORES, JR. CSR, | * | |
| and CAMERON COUNTY | * | |
| COMMISSIONERS COURT, | * | |
| CAMERON COUNTY, TEXAS | * | |

## PLAINTIFF'S MOTION FOR NEW TRIAL
## FRCP 59(e)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs in the above entitled and numbered cause and respectfully request the Court to vacate the order entered on January 10th 2001 dismissing Plaintiff's action and order a new trial.  In support of said motion would show unto the Court the following:

## I.
## NO ANSWER TO ALLEGATION

1.      Defendants 12(b)(1) & (6) Motion To Dismiss, failed to address Plaintiff's allegation pertaining to Defendants' violation of Plaintiffs' right to equal protection of the law.

2.      Plaintiffs stated in their Complaint, No. 79, that the Cameron County Commissioners Court and Defendant Flores conspired to obstruct justice and

CutePDF - www.fsstio.com

violated Plaintiff's right to due process and Plaintiff's right to equal protection under the law.

3.      Plaintiffs stated in their complaint, Defendant Flores committed the acts complained were politically and racially motivated.

4.      The Court did not address Plaintiffs' equal protection issue in its order dismissing Plaintiffs' cause of action.

5.      Plaintiffs' allegation that Defendants violated Plaintiffs' United States Constitutional Fourteenth Amendment right to equal protection of the law was not addressed by the Court or Defendants.  Plaintiffs' allegation that Defendants violated Plaintiff's right to due process and equal protection of the law, stands unopposed and shall be viewed in light most favorable to Plaintiff.  "The equal Protection Clause is essentially a direction that all persons similarly situated should be treated alike." **Brennan v. Stewart**, 834 F.2d 1248, 1257 (5th Cir. 1988)  "Review of Rule 12(b)(6) is de novo and dismissal shall not be affirmed unless it appears that Plaintiff can prove no set of facts in support of their claim that would entitle them to relief" **Blackburn v. City of Marshall**, 42 F.3d 925, 931 (5th Cir. 1995)  "For purposes of review, plaintiffs' factual allegations must be excepted as true." **Davis and Davis v. Bayless**, (5th Cir. 1995)

> "Every defense, in law or fact, to a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required -- (Rule 12(b) FRCP)

## II.

6.      Plaintiffs asserted in their Complaint all elements required to bring this cause of action in federal court.  The Rooker-Feldman doctrine was not

intended to shield state actors from liability for their unconstitutional or illegal acts.

7.    Plaintiffs alleged in their Complaint that Defendant Flores acted in bad faith by intentionally fabricating an official court document.  Texas law construes the act as an offense against the citizens and is a felony offense. (Texas Penal Code Section 37.10  <u>Tampering With Governmental Record</u>)

8.    Defendants brought this cause of action against Defendants for the act of Defendant Flores intentionally and maliciously fabricating an official court document of a judicial proceeding and the subsequent conspiracy to cover up the original act.

9.    Plaintiffs brought the action against the Cameron County Commissioners Court for conspiring and assisting Defendant Flores to cover up the original act and therefore deprived Plaintiffs' of their Fourteenth Amendment right to procedural due process.

10.    Plaintiffs alleged in their original complaint, Defendant Flores did intentionally and with malice, deprive Plaintiffs of due process, when Defendant Flores intentionally fabricated the official judicial record of a hearing where Plaintiffs were parties, and participated at the hearing in the state district court.  Plaintiffs alleged Defendant Flores act was intentional and was intended to cause harm to Plaintiffs by rendering Plaintiffs unable to proceed to the appellate court with a correct or even partially correct reporter's record.  Plaintiffs further alleged Defendant Flores being Hispanic and Plaintiffs Anglo, committed the act in retaliation for Plaintiff Stockton bringing a law suit against a Hispanic judge.

11.    Plaintiffs in their original complaint, revealed the nature of the hearing in which Plaintiffs alleged Defendant Flores fabricated the reporter's record. Plaintiff stated what statements Defendant Flores omitted and inserted into

the fabricated record transcript.  Plaintiffs alleged Defendant Flores spliced and rearranged sequences of the hearing and further Plaintiffs stated the harm which Plaintiffs were subjected to, as a result of Defendant Flore's actions.

12.    Plaintiffs stated in their original complaint that the Court has jurisdiction of the case by virtue of Title 28U.S.C. Sec. 1343 and the action arose under federal law, particularly Title 42 U.S.C., Sec. 1983 and 1985.

13.    Plaintiffs specifically stated that the action was brought against Defendants for damages caused by their conduct.  Plaintiffs stated that the action was not brought to overturn any judgments or orders rendered by any state court.  The action was brought against Defendants for their illegal acts which deprived Plaintiffs of there Fourteenth Amendment right to due process and equal protection of the law.

14.    The Court does have jurisdiction to review this cause of action and should assume jurisdiction and grant a new trial on all issues presented by Plaintiffs.

        "In suit against court clerk for allegedly furthering conspiracy to deprive Plaintiff of his civil rights by altering criminal trial transcript to prevent Plaintiff from winning new trial on appeal, there was no grounds for holding that clerk was immune from suit, where court clerk duties were ministerial and Plaintiff alleged that court clerk acted in bad faith."
**Gurierrez v. Vergari**, D.C.N.Y. 1980, 499 F. Supp. 1040.

15.    The act of Defendant Flores fabricating the official court record of Plaintiffs' hearing in the 138th District Court is not "inextricably intertwined" with the state court's judgment.  Plaintiffs contend Defendant Flores's act was distinctly separate form any state court order or judgment.  The judgments or orders rendered by the state trial court or the state appellate court actors are not at issue in Plaintiffs cause of action.

16.   The Rooker-Feldman doctrine is not applicable in this cause of action. In this case, determining whether Defendants violated Plaintiffs' constitutional rights would not necessitate the Court piercing any state court judgments or orders.  The fact which is at issue in this case is whether a state actor, under the color of law committed an unlawful act and knew or should have known that his actions would result in the deprivation of constitutionally guaranteed rights.

> "State official does not enjoy qualified immunity with respect to an act if the act if the constitutional right allegedly violated by the act is clearly established and the officer knew or should have known of that right and knew or should have known that his conduct violated that right; the defense is also unavailable where the officials acted with malicious intent to deprive the individual of a constitutional right or to cause some injury to ith individual.  **Atcherson v. Siebenmann**, 458 F.Supp. 526 (1978)  **Meyer v. Niles Tp**, 477 F.Supp 357 (1979)

17.   The United States Supreme Court held:  "it is abundantly clear that one reason the legislation (Section 1983) was to afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance or otherwise, state laws might not be enforced and the claims of citizens might be denied by state agencies.  **Pratt v. Taylor**, 451 U.S. 527 (1981)

18.   In this case, the Court is barred by the Rooker-Feldman doctrine from considering any state court judgments or rulings in making its determination to dismiss Plaintiffs' case.  The issue before the Court is whether Plaintiffs have stated a case on which relief can be granted.  In making a determination whether Defendants violated Plaintiff's constitutional right to due process and equal protection of the law, particularly the Fourteenth Amendment to the Constitution of the United States.

19.    The Court's order refers to an in camera review by the state court of the transcript of the May 26th hearing in making the determination to dismiss the cause of action.  The Court is barred by the Rooker-Feldman doctrine from making a determination whether the state court was right or wrong.

20.    If the Court orders a new trial in this matter the result of the trial would not overturn the state court judgment.  The state court judgment stands and is not at issue in this case.  The issue is, whether a state actor or actors acting under the color of law, can knowingly and with intent, deprive a citizen of constitutional guaranteed protected rights, with impunity.

WHEREFORE, PREMISES CONSIDERED,  Plaintiffs pray the Court grant a new trial in this cause of action for the reasons stated above.  Plaintiffs pray for any further relief they may be entitled in law or in equity.

Respectfully submitted,

Cecil P. Sapp, pro se
Box 3208
La Feria, Texas 78559
(956) 797-2337

Denise Stockton, pro se
Box 3208
La Feria, Texas 78559
(956) 797-2337

## CERTIFICATE OF SERVICE

6

I do hereby certify that on this 22nd day of January 2001, a true and correct copy of the foregoing Motion For New Trial was sent in a properly addressed envelope by way of the United States Postal service via first class mail to:

Mr. Richard O. Burst
Cameron County Civil Legal Division
964 E. Harrison
Brownsville, Texas 78529