16

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 16 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| **CECIL SAPP and DENISE STOCKTON,** § § § | |
| **Plaintiffs,** § § | |
| *versus* § | CIVIL ACTION B-00-137 |
| § | |
| **FLORES,** § | |
| **CAMERON COUNTY COMMISSIONER'S** § | |
| **COURT, and CAMERON COUNTY** § § | |
| **Defendants.** § | |

## ORDER

BE IT REMEMBERED that on March 15, 2001, the Court considered Plaintiffs' Motion for New Trial [Dkt. No. 15]. For the foregoing reasons, the Court **DENIES** the motion.

I.   The Court's Previous Order

Mr. Sapp and Ms. Stockton claim that the Court's previous Order [Dkt. No. 14] failed to address whether jurisdiction over their equal protection claim was barred by the Rooker-Feldman Doctrine, the basis upon which the Court dismissed the action. Although the Court neglected to insert their equal protection claim in its Order, the Court did state that the Plaintiffs brought suit for "what appear to be" a cause of action for "deprivation of Fourteenth Amendment due process (¶¶ 79 and 83)." These paragraphs refer to their complaint, in which they asserted "Plaintiffs' right to due process and Plaintiffs' right to equal protection under the law, secured to them by the Fourteenth Amendment," and their "rights to due process and their rights to equal protection under the law guaranteed to them under the Fourteenth Amendment[.]" [See Dkt. No. 1, ¶¶ 79 and 83]. Therefore, although the Court omitted the equal protection

claim in its recitation of its impression of the Plaintiffs' claims, it referred to the paragraphs that contain both the Plaintiffs due process *and* equal protection claims.

II. The Court still does not have jurisdiction over Plaintiffs' claim pursuant to the Rooker-Feldman Doctrine

Even if the Court did not include the Plaintiffs' equal protection claim in its previous order dismissing this case, the Court still lacks jurisdiction to hear an equal protection claim under the Rooker-Feldman Doctrine. The Plaintiffs make an equal protection claim "for the act of Defendant Flores intentionally and maliciously fabricating an official court document" and because the Cameron County Commissioners Court conspired and assisted "Defendant Flores to cover up the original act [of fabricating the transcript]." However, a state trial court found that, aside from two inconsequential errors, the transcript was an accurate representation of what occurred at the hearing [Dkt. No. 8, Exh. B]. This finding was affirmed by a state appellate court [Dkt. No. 8, Exh. A, p. 6].

It bears repeating, then, that like the other causes of action, this Court does not have jurisdiction over this matter pursuant to the Rooker-Feldman Doctrine [See Dkt. No. 14]. The Plaintiffs' equal protection claim is premised on the fact that the transcript was fabricated. For this Court to render a judgment in Mr. Sapp and Ms. Stockton's favor on this claim, it would need to have jurisdiction to review, undo, and overturn the state court proceedings and the resulting determination that the transcript was accurate. However under the Rooker-Feldman Doctrine, this Court cannot sit in appellate review of the state court judgment that found that the transcript was not fabricated. Although Plaintiffs again attempt to assure the Court that they are not asking it to overturn the state court judgment [Dkt. No. 15, ¶ 13], this is exactly what the Plaintiffs seek. By basing their equal protection claim on a factual issue that has already been determined in a previous state court proceeding, it is clear that the Plaintiffs wish this Court to impermissibly invalidate the state court judgment.

Therefore, since the Court lacks subject matter jurisdiction over the instant

2

matter under the Rooker-Feldman Doctrine, it **DENIES** Plaintiffs' Motion for New Trial [Dkt. No. 15].

DONE at Brownsville, Texas, this \_\_15\_\_ day of March 2001.

_____
Hilda G. Tagle
United States District Judge

3