IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED
OCT 26 2001
CHARLES R. FULBRUGE III
CLERK

No. 01-40419
Conference Calendar

CECIL P. SAPP; DENISE STOCKTON,

Plaintiffs-Appellants,

versus

ADELAIDO FLORES, JR.; CAMERON COUNTY COMMISSIONERS' COURT; CAMERON COUNTY, TEXAS; CAMERON COUNTY,

Defendants-Appellees.

United States District Court
Southern District of Texas
FILED
NOV 21 2001
Michael N. Milby
Clerk of Court

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CV-137

---

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Cecil P. Sapp and Denise Stockton appeal the district court's dismissal of their civil action for lack of subject-matter jurisdiction. They argue that the district court abused its discretion in denying their motion for an extension of time to respond to the defendants' motion to dismiss and in denying the motion for reconsideration of this denial. We have reviewed the record and hold that the district court did not abuse its discretion in denying these motions.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"The Rooker-Feldman[**] doctrine holds that federal district courts lack jurisdiction to entertain collateral attacks on state judgments." United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994) (footnote omitted). If the district court must examine issues that are "inextricably intertwined with a state judgment, the [district] court is in essence being called upon to review the state-court decision, and the originality of the district court's jurisdiction precludes such a review." Id. (internal quotations omitted).

All of Sapp's and Stockton's claims of constitutional violations are based on their allegation that the state-court transcript was fabricated. The state trial court has already determined that the transcript was accurate. Thus, the claims presented to the district court were inextricably intertwined with the state court's judgment, and the district court was being called on to review the state court's decision regarding the accuracy of the transcript. The district court therefore lacked subject-matter jurisdiction to address the claims. See Shepherd, 23 F.3d at 924. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.

---

[**] Rooker v. Fid. Trust Co., 263 U.S. 413, 415 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 482 (1983).